# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KENNETH R MCDAVID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:14-cv-00264-JMS-WGH |
| | ) | |
| BUTCH BAKER, | ) | |
| HENRY COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Concerning Selected Matters and Directing Further Proceedings**

**I.**

The plaintiff Kenneth McDavid sues Sheriff Butch Baker and the Henry County Jail[1] based on the allegations that a lack of medical treatment in that facility violate his federally secured rights. His complaint is brought pursuant to 42 U.S.C. ' 1983.

**II.**

Because McDavid is a prisoner, the complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). *Lagerstrom V. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *See Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999). Pursuant to this statute, "[a] complaint is subject

---

[1] McDavid's claims of unconstitutional medical care at the Putnamville Correctional Facility against defendants Corizon, Inc., Graham Brooks, Dr. Joseph Lolit, Connie Allen, Melissa Tucker, Thomas Natoli, Katasha Thomas, Jennifer Brisen and the Putnamville Correctional Facility have been severed in a separate Entry [4] and are part of a new complaint separate from this action in *McDavid v. Corizon, Inc. et al.*, No. 2:14-cv-272-JMS-WGH.

to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bissessur v. The Trustees of Indiana University,* 581 F.3d 599, 602 (7th Cir. Sept. 11, 2009) (citing *Ashcroft* and *Bell Atlantic Corp.*).

Further, although the requirements of notice pleading are minimal, when a plaintiff Apleads facts that show his suit is . . . without merit, he has pleaded himself out of court.@ *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994). Applying this standard the complaint must be dismissed as legally insufficient as McDavid's only allegations against defendant Sheriff Butch Baker and the Henry County Jail are that: 1) there were "denials of care in the Henry County Jail by Sheriff Butch Baker and his staff" 2) his "due process protected by the Fourteenth Amendment has been repeatedly violated by the defendant[s] at all levels of administration within the Henry County Jail" and 3) [b]ecause of lack of medical treatment by the Henry County Jail…plaintiff's eye has cracked as a result of untreated seizures with no medication." This is not enough.

Henry County Jail is a defendant in this action, but it is not a Aperson@ subject to suit under § 1983. *Jones v. Bowman,* 694 F.Supp. 538, 544 (N.D.Ind. 1988)(citing *Boren By & Through Boren v. City of Colorado Springs,* 624 F.Supp. 474 (D.Colo. 1985)). Any claim against the Henry County Jail is **dismissed as legally insufficient**.

## III.

For the reasons explained above, the complaint fails to state a claim upon which relief can be granted as to the remaining defendant Sheriff Butch Baker and must therefore be dismissed pursuant to ' 1915A. The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, McDavid shall have **through September 30, 2014,** in which **to file an amended complaint** which corrects the deficiencies noted in Part II of this Entry.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief which is sought. McDavid is **notified** that the amended complaint will completely replace and supersede the original complaint. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

If no amended complaint is submitted, the action will be dismissed consistent with the discussion and ruling in Part II of this Entry. If an amended complaint is filed as directed, it too will be subject to screening pursuant to ' 1915A.

**IT IS SO ORDERED.**

Date:  September 15, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KENNETH R MCDAVID
943202
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135